Argued October 29, 1969, affirmed as modified
January 29, 1970

BAUER, *Respondent, v.* BAUER, *Appellant.*

464 P. 2d 710

*Marvin E. Hansen,* Eugene, argued the cause for appellant. On the brief were Hansen & Curtis, Eugene.

*Kendrick M. Mercer,* Eugene, argued the cause for respondent. With him on the brief were Stanton F. Long and Johnson, Johnson & Harrang, Eugene.

FOLEY, J.

Plaintiff-wife and defendant-husband, then 66 and 64, were married in 1956. Prior to the marriage defendant, who made his living by lending money, had accumulated assets in excess of $120,000 but he lived in a modest home worth about $7,500. Plaintiff's assets were nil.

The parties had known each other for about three years prior to the marriage and were considering marriage during the last year. The day before they left to get married, the defendant, without advising her, went to his attorney and arranged for the preparation of an antenuptial agreement. The next morn-

ing as they were leaving for Vancouver, Washington, to be married, defendant told plaintiff he had a paper for her to sign at his lawyer's office, and he then took her there. The lawyer testified that he suggested she consult another lawyer before signing the agreement, but when she declined he read the entire agreement to her. The plaintiff denied this. She stated that he read only part of it and she herself read it all but much of it she did not understand. There is no claim that defendant made any disclosure whatever of his assets to plaintiff, nor does it appear that she had any knowledge of the extent of his assets.

The agreement purported to waive plaintiff's dower rights except that if defendant died while she was married to him she was to receive one-half his estate in lieu of any other rights including dower. It limited defendant's obligation to her for support or for any other purpose to $50 per month which he agreed to pay "at any time on her request."

The parties had lived together for 11 years, when in late 1967 plaintiff sued for divorce based on cruel and inhuman treatment and defendant cross-complained for divorce on the same grounds. The trial was had in June 1968, and the trial court found that plaintiff had established her grounds and defendant had not established his. Specifically the court found that defendant had struck her, had told her to get out and had refused to provide her a reasonable standard of living. The court also found that defendant's net worth, in excess of $120,000, was acquired prior to his marriage to plaintiff.

With reference to the antenuptial agreement, the court found it to be void on the ground that there was

1. Insufficient disclosure of assets by defendant;

2. Insufficient allowance of time for plaintiff to reflect on the agreement and insufficient opportunity to consult an attorney;

3. A repudiation of the agreement by failure of defendant to perform; and

4. A void antenuptial agreement in that it was against public policy.

In addition to awarding plaintiff a divorce, the court decreed that defendant pay plaintiff $42,500 cash in lieu of a division of property and $600 attorney fees plus costs. Defendant appeals.

Since a discussion of the first two findings of the trial court will be determinative of this case, only those will be treated here.

Men and women are free to contract with each other and antenuptial agreements are valid in Oregon. ORS 108.140; *Taylor v. U. S. National Bank,* 248 Or 538, 436 P2d 256 (1968); *Moore v. Schermerhorn,* 210 Or 23, 307 P2d 483, 308 P2d 180, 65 ALR2d 715 (1957). The validity of an antenuptial agreement depends upon the circumstances of the particular case and all circumstances, including those attending its execution, will be rigidly scrutinized. *Taylor v. U. S. National Bank,* supra; *Moore v. Schermerhorn,* supra.

Where the parties are engaged to be married, as here, the relationship between the parties is fiduciary in character. *Kosik v. George,* 253 Or 15, 22, 452 P2d 560 (1969). This relationship requires the utmost good faith and a full and frank disclosure of all circumstances materially bearing on the contemplated agreement, generally including full disclosure of assets:

"The exercise of good faith necessitates disclos-

ure by the prospective husband of all material facts relating to the amount, character and value of his property, so that the prospective wife may have sufficient knowledge on which to base her decision to enter into the agreement." 2 Lindey, Separation Agreements and Ante-Nuptial Contracts 90-43, § 90 (1967) and many cases cited thereunder.

Good faith accords to plaintiff a reasonable opportunity to learn what property rights she would have as his wife. *Kosik v. George,* supra. Here the defendant did not inform the plaintiff anything about his assets nor does he claim she had any particular knowledge thereof. Not only that, but it was not until the parties were on the way to be married that he told her of the proposed agreement. She was under the type of pressure and implied coercion which is inconsistent with good faith on the part of her intended husband.

We concur with the trial court's findings that plaintiff is entitled to a divorce and that there was an insufficient disclosure of assets and insufficient allowance of time for plaintiff to consult a lawyer of her own choosing.

■ The trial court awarded plaintiff attorney fees of $600, costs, and $42,500 in lieu of support and in lieu of any division of property. Under all the circumstances we deem it more equitable that this award be modified to provide that defendant pay plaintiff forthwith the sum of $10,000 as a division of property, and the balance of $32,500 for the support of plaintiff be paid to her at the rate of $400 per month, such balance to be adequately secured in an appropriate manner to be determined by the trial court. We believe that the allowance for support should be solely for plaintiff's support. We do not deem it fair that any

balance remaining in it should inure to her estate upon her death, but rather should revert to defendant or his estate. Thus, upon the death or remarriage of plaintiff, the balance remaining of the allowance for support shall revert to the defendant or his estate.

This case is remanded to the circuit court for further proceedings consistent herewith. Plaintiff is entitled to attorney fees of $1,000 in this court and her costs.

Affirmed as modified.