Argued January 19, affirmed February 9, reconsideration denied
March 17, petition for review denied April 13, 1976

In the Matter of the Dissolution of the Marriage of
PROSCH, *Respondent,*
*and*
PROSCH, *Appellant.*
(No. 387-733, CA 4678)
545 P2d 606

*Theodore S. Bloom,* Portland, argued the cause and filed the brief for appellant.

*Betty Roberts,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

This appeal is by husband from an order holding invalid a prenuptial agreement, and from a decree dissolving the marriage and disposing of the parties' property.

The parties were first married in 1940 and divorced in 1957. They had had three children who remained in wife's custody. After the 1957 divorce, each was married for a short time to another person, and divorced. In 1963 they married one another again, probably more at the instance of wife than husband. She had realized a need to do less outside work and to be at home with the children. Wife filed the petition for dissolution in this case in January 1973.

Husband is a railway engineer, wife is a licensed practical nurse. His most recent gross earnings have been about $19,000 per year, but were about $15,000 per year when they separated; her earnings in recent years approximated $6,000 per year. The children are now all grown. Wife largely supported the household from her earnings during a substantial part of the second marriage. Husband's income during this same time has in substantial part gone into acquisition of real property, of which there were some 46 separate parcels, largely but not all residential. His assets included a net settlement to him of $30,000 for a personal injury compensation claim. The property thus acquired had a total gross value in round figures of $733,000, and net of $466,000. Husband did virtually all of the bargaining involved in these acquisitions, wife did some—but husband insists not very much—of the cleaning and renting of various parcels of property.

When they were married in 1963 husband apparently owned 11 parcels of property and wife one. Wife knew about some, but not all of them. At husband's insistence they had an attorney draw up and they signed a prenuptial agreement wherein it was pro-

vided that they would each own, separately of claim of the other, presently owned property and that this arrangement "shall continue not only as to that property and assets now in existence, but shall continue as to any substitution or exchanges for said property now in existence and any proceeds therefrom, and any income therefrom or any property purchased from the proceeds or interest therefrom." The preamble to this agreement recited that the parties "are presently engaged * * *."

The question of right to dissolution and the claim that the prenuptial agreement was invalid were tried in July 1974, which resulted in an order dated August 31, 1974 declaring that petitioner had established her right to dissolution and that the agreement was null and void. It further provided, "The other issues regarding property, maintenance, attorney's fees and costs remain." Those remaining issues were heard in February and March 1975 resulting in a decree which awarded wife 15 specific parcels of real property and husband the balance, divided other property and provided that each should pay their own respective costs and attorney fees.

In this appeal husband contends that the finding against validity of the prenuptial agreement was erroneous, and, if the court determines against him on that issue, that the division of property made by the trial court is contrary to law. Wife counters that husband did not timely appeal from the order invalidating the agreement. Secondarily, she contends that if the court disallows that argument the order declaring the agreement invalid and the second order dividing the property were correct.

■ (1) The order invalidating the agreement was, by the wording we have quoted above therefrom, not a final order and husband could not have appealed therefrom. He did timely appeal from the final decree, and that appeal included the earlier order.

(2) The parties signed the whole agreement and therein was the statement that they were "presently engaged." We find nothing in the record that makes us think anything to the contrary. In *Bauer v. Bauer,* 1 Or App 504, 507, 464 P2d 710 (1970), we said:

> "Where the parties are engaged to be married, as here, the relationship between the parties is fiduciary in character. *Kosik v. George,* 253 Or 15, 22, 452 P2d 560 (1969). This relationship requires the utmost good faith and a full and frank disclosure of all circumstances materially bearing on the contemplated agreement, generally including full disclosure of assets."

■  Wife undoubtedly was informed enough to know that husband had acquired substantial real property since their previous divorce, but just as doubtless is the proposition that he did not make "a full and frank disclosure of all circumstances materially bearing on the contemplated agreement * * *." The trial court's finding on this point depends substantially on that court's appraisal of the testimony it heard. We give substantial weight to that appraisal, and, doing so, we come to the same conclusion.

■  (3) No award of support was made for wife, and none was called for. Purely personal property was divided. The real property awarded to the wife, in the words of the trial court from the bench,

> "* * * will give her almost exactly 40 per cent of these assets listed.
>
> "It will give her assets which the Court computes have an annual burden of $4,824 and an annual income of $4,694, so they will be just barely manageable. This is according to the 1973 income and the figures of Mr. Bloom's data sheets.
>
> "This is in accordance with the formula in *Hardenburger v. Hardenburger,* [18 Or App 267, 525 P2d 179, Sup Ct *review denied* (1974)].
>
> "This will involve her having to pay her attorney * * *."

We have examined in detail the exhaustive analysis of the properties that was placed in evidence

[ 363 ]

against the background of the testimony of the parties about how they were acquired, managed and improved. We see no way in which we can more justly provide for disposition of the property than the trial court did.

Affirmed. Costs to neither party.