Argued January 20, affirmed as modified, no costs to either party
February 14, 1977

In the Matter of the Dissolution of the Marriage of
MAUSER, *Respondent—Cross-Appellant,*
*and*
MAUSER, *Appellant—Cross-Respondent.*
(No. 14336, CA 6685)
559 P2d 1310

Kenneth M. Abraham, Hood River, argued the cause for appellant—cross-respondent. With him on the brief was Parker, Abraham & Ball, Hood River.

James M. Habberstad, The Dalles, argued the cause for respondent—cross-appellant. With him on the brief was Dick & Dick, The Dalles.

[ 525 ]

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

**THORNTON, J.**

Wife appeals from a dissolution decree of this seven-year marriage contending that one of its provisions is unclear, that the court failed to provide adequate support for the wife and that the attorney's fees awarded were inadequate. Husband cross-appeals arguing that a property award is inappropriate in this case.

■■ We note at the outset that the award of $2,400 attorney's fees was not an abuse of discretion, *Bohren v. Bohren,* 243 Or 237, 412 P2d 524 (1966), and that, considering the relatively short duration of the marriage and the fact that the wife did not bring substantial assets to the marriage, an award to the wife of an automobile, all her original assets and belongings, household furnishings and effects together with $102,000 was adequate notwithstanding the fact that the husband's accumulated assets totaled nearly $500,000.

■ The provision of the decree which wife challenges as unclear is as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that beginning the 1st day of August, 1976, that the petitioner in lieu of any division of the property of the parties pay to the respondent the sum of $500.00 and thereafter on the 1st day of each month pay to the respondent the sum of $500.00 until such time as the petitioner has paid to the respondent the sum of $97,000, provided, however, that upon the death or remarriage of the respondent the payments shall terminate and any remaining balance shall revert to the petitioner or his estate and the clerk of this court, in such event, shall note upon the judgment record that the judgment is satisfied. Petitioner shall not be required to pay any interest to the respondent as the result of this award * * *."

The wife's concern is that the award is or appears unsecured and "has all of the characteristics of alimony and none of the characteristics of a property settlement judgment."

[ 527 ]

It is apparent from the transcript that the trial court intended to award a lump sum judgment of $97,000 payable in $500 installments, payments to survive the death of the husband if the wife survives the husband. The trial court's adoption of this formula is, in part, a recognition of the fact that, at the time of the decree, the wife was 65 years of age and the husband was 77. The formula is similar to that adopted in *Bauer v. Bauer,* 1 Or App 504, 464 P2d 710 (1970). To clarify the decree the contested provision of the decree is modified to read:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that beginning the 1st day of August, 1976, that the petitioner in lieu of any division of the property of the parties shall, *and in the event of his death his estate shall,* pay to the respondent the sum of $500.00 and thereafter on the 1st day of each month pay to the respondent the sum of $500.00 until such time as the petitioner has paid to the respondent the sum of $97,000, provided, however, that upon the death or remarriage of the respondent the payments shall terminate and any remaining balance shall revert to the petitioner or his estate and the clerk of this court, in such event, shall note upon the judgment record that the judgment is satisfied. Petitioner shall not be required to pay any interest to the respondent as the result of this award * * *.

Wife, in her brief, argues that "the real property that is owned in the form of a building in The Dalles, Oregon can be sold and a clear title given to it by the respondent at any time as long as the courthouse records show that the $500.00 monthly payments have been currently met." This is the case when the award is for spousal support but, as was noted in *Esselstyn v. Casteel et al,* 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215 (1955),

> "* * * a decree in a divorce suit requiring the party against whom the decree is entered to pay to the other party a lump sum, albeit in installments of specified amounts, and at fixed times, as an award of property under the statute, constitutes a judgment entitled to be docketed, and, when docketed, a lien upon the real estate

of the judgment debtor, not only as to past, but also as to future, installments." 205 Or at 365-66.

Husband's cross-appeal argues that wife should only be entitled to spousal support and not a property settlement award. Suffice it to say that we agree with the trial court's disposition of this issue.

Affirmed as modified. No costs to either party.