Argued and submitted May 27, affirmed August 10, reconsideration denied October 2, petition for review denied October 20, 1981

In the Matter of the Marriage of

## DAVIDSON,
*Appellant,*
*and*
## DAVIDSON,
*Respondent.*

(No. 79-2-384, CA 19277)

632 P2d 35

Steven V. Johnson, Portland, argued the cause for appellant. With him on the brief was Evans, Colton & Johnson, Portland.

Creighton C. Skau, Portland, argued the cause for respondent. With him on the brief was Reiter, Bricker, Zakovics & Querin, P.C., Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals the denial of her motion to vacate a dissolution decree, contending that due to fraudulent representations made by husband and his witnesses the trial court was deceived as to the value of the marital estate and that the resulting property division was inequitable.

At the dissolution trial wife presented evidence that the real property, the major marital asset, was worth $225,000. Wife's witness, a licensed real estate appraiser, testified that his appraisal was based in part on certain zoning changes which were planned but not yet effected. Husband and his witnesses, who were not licensed appraisers, testified that the property was worth about $130,000. These estimates did not consider possible zoning changes. There was a $52,587.40 outstanding debt against the property. The decree awarded the property to husband and gave wife a $35,000 lien on the property to be paid within two years with nine percent interest. Wife was also awarded $200 monthly spousal support for two years or until the lien was satisfied. Six months after the decree was entered, husband sold the property, part of which had been rezoned, for $300,000. Wife filed her motion to vacate the decree immediately upon being informed of the sale.

Wife contends that the decree clearly indicates that the trial court accepted husband's evidence as to value of the land. Husband's estimate, if reduced by the $52,587 debt on the property, would equal approximately twice the award made to wife. Wife also claims that husband knew of the proposed zone change and the effect it would have on the property's value, but did not include the expected increase in value in his valuation. Husband contends that the trial court accepted wife's appraisal of the property and subtracted other liabilities from that figure to arrive at the award made to wife. Either method could have been used by the trial court to reach the amount of the award to wife.[1]

---

[1] $130,000 (husband's estimate) minus $52,587 (debt on property), divided by 2 = $38,706.50.

$225,000 (wife's estimate) minus $52,587, minus $4,950 (taxes), minus $67,019 (business debts), minus $20,750 (costs of selling property), divided by 2 = $39,847.00.

Wife's award: $35,000, plus $200 x 24 = $39,800.

Therefore it is not clear that the trial court made a mistake in determining the value of the real property.

■ ■ Even if the trial court was mistaken as to the value of the property, it does not necessarily follow that wife's motion should have been granted. A motion to vacate a decree of dissolution is addressed to the sound discretion of the trial court which should not be overturned absent a clear showing of abuse. *Hansen and Hansen,* 31 Or App 823, 571 P2d 568 (1977). Furthermore, in *Harder v. Harder,* 49 Or App 582, 619 P2d 1367 (1980), *rev den* 290 Or 551 (1981), we held:

"* * *[A] disproportionate division of the marital assets, not shown to be the result of the respondent's misconduct or overreaching, is insufficient cause to vacate a Decree. [citation omitted]" 49 Or App at 584.

In its memorandum opinion the trial court found no evidence of fraud on the part of husband or his witnesses. On de novo review, we concur with this finding.

Affirmed. No costs to either party.