Argued and submitted September 11, 1989, order vacated; dissolution judgment
reinstated January 3, 1990

In the Matter of the Marriage of

ERWIN,
*Appellant,*
*and*

ERWIN,
*Respondent.*

(L87-300-DI; CA A60271)

784 P2d 1109

Lane W. Simpson, Lakeview, argued the cause and filed
the brief for appellant.

Richard C. Owens, Sisters, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals an order setting aside a dissolution judgment. We vacate the order and reinstate the judgment.

Husband and wife entered into a stipulated dissolution judgment that became final in February, 1988. It awarded custody of their son to them jointly, and both were to be equally responsible for his support. The residence was awarded to husband. Wife was given $5,000 for her interest in the home, and husband assumed responsibility for the mortgage. Each received a car and the personal property in possession. They accepted responsibility separately for their own debts incurred after November 1, 1987.

In October, 1988, wife moved to vacate the judgment, claiming that its provisions were grossly inequitable and not in the best interests of the child. Husband is an attorney, and he drafted the stipulated judgment. She contends that she was coerced into accepting it and would not have, if she had had an opportunity for full consideration and independent legal advice. Husband says that she was not coerced. She had the document for a few weeks, and he called her two or three times to inquire about it. He argues that she had the opportunity to consider the judgment and could have obtained independent legal advice. He says that he advised her to have anyone that she wished review it and, if she disagreed with any part, to let him know. At that time, she indicated that everything was agreeable. He claims that the settlement is fair and equitable. She was familiar with all of their financial affairs.

The trial court found no actual fraud or impropriety by husband, but it found an "appearance of impropriety." On that ground alone, it vacated the judgment.

Husband's first assignment of error is that the appearance of impropriety is not a sufficient ground for vacating a stipulated judgment. He questions whether ORCP 71 applies to the stipulated judgment at all, but argues that, if it does, the judgment may only be vacated on grounds sufficient to rescind a contract. *See Nieminen v. Pitzer,* 281 Or 53, 57, 573 P2d 1227 (1978). Unless there is clear and convincing proof of circumstances such as fraud, overreaching or misconduct, a stipulated judgment cannot be vacated. *See Vinson and Vinson,* 57 Or App 355, 359, 644 P2d 635, *rev den* 293 Or 456

(1982); *Harder v. Harder,* 49 Or App 582, 584, 619 P2d 1367, *rev den* 290 Or 551 (1980). He asserts that, as the trial court found, the evidence does not support a finding of fraud or misconduct.

Wife claims that the record supports the court's order as a matter of the exercise of discretion, because it shows that husband breached his fiduciary duty to her by not disclosing all of the marital assets, namely the value of his practice and his IRA account. *See Eltzroth and Eltzroth,* 67 Or App 520, 679 P2d 1369 (1984). Wife acknowledges that an appearance of impropriety has never been held to be a basis for vacating a judgment.

A stipulated judgment may be vacated under ORCP 71. *Eltzroth and Eltzroth, supra,* 67 Or App at 526. Nonetheless, the judgment is a contract that has been approved by a court. It can only be set aside on grounds adequate to rescind a contract. *Nieminen v. Pitzer, supra,* 281 Or at 57. It follows that wife has to show by clear and convincing proof that husband committed fraud or misconduct, that there was a mutual mistake or that there was no agreement. *State ex rel Adult & Family Ser. v. Hansen,* 54 Or App 47, 50, 634 P2d 256 (1981); *Harder v. Harder, supra,* 49 Or App at 584; *see also* ORCP 71B(1)(a) and (c). An "appearance of impropriety" is not sufficient.

On *de novo* review, we find no fraud, material misrepresentation or other misconduct by husband. There is no evidence that he intentionally misrepresented the marital assets. *See Harder v. Harder, supra,* 49 Or App at 584; *see also Eltzroth and Eltzroth, supra,* 67 Or App at 526. He had a fiduciary duty to deal fairly with wife, but we conclude that he did not breach the duty. A disproportionate division of marital assets is not itself sufficient to prove misconduct or breach of duty.[1]

Order vacated; dissolution judgment reinstated. Costs to husband.

---

[1] Because we vacate the order on the first assignment of error, we do not reach husband's second assignment.