Argued and submitted November 15, 1989, affirmed June 6, reconsideration denied July 25, petition for review denied August 28, 1990 (310 Or 281)

# DAY,
*Appellant,*

*v.*

# VITUS et al,
*Respondents.*

## (16-88-00431; CA A50734)
792 P2d 1240

Donald A. Bick, Eugene, argued the cause for appellant. With him on the briefs was Bick and Monte, P.C., Eugene.

K. Patrick Neill, Eugene, argued the cause for respondents. With him on the brief were William D. Brewer and Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff appeals a judgment that declared that a postmarital agreement barred him from electing against his deceased wife's will. ORS 114.115. Defendants are decedent's adult children by another marriage and are the principal beneficiaries under the will. On *de novo* review, we affirm.

Plaintiff and decedent had known each other since late 1969. They married in November, 1970, when plaintiff was 56 and decedent was 67. Plaintiff had been married and divorced three times; decedent was a widow. When plaintiff married decedent, he was a plumbing inspector for Lane County. He lived in a one-bedroom apartment and had few assets. He was eligible for a union pension, a state pension and Social Security payments. Decedent and her first husband had owned and run a business together. She had retired when she married plaintiff but still actively managed her property and investments. On decedent's death, her will disposed of property worth over $750,000. She bequeathed nothing to plaintiff. Outside the will, he received a $20,000 certificate of deposit, $2,000 in the couple's joint checking account, several vehicles and some jewelry.

In January, 1971, after they had been married three months, plaintiff and decedent signed the agreement. It recites in substance that husband and wife each owned property individually before the marriage and still retained individual ownership; that they had disclosed to each other the full extent of their individual property; and that they desired that all property each of them then owned or later acquired individually remain free from any claims of the other for all purposes. The agreement then describes each spouse's retention of rights in individually owned and acquired property, waiver of each spouse's right to elect against the other's will and waiver of any rights in or claims against the other's property, including a spousal allowance, rights of intestate succession, curtesy or dower.

Plaintiff assigns error to the court's ruling that the agreement is enforceable. He argues that he did not receive the disclosure to which the fiduciary relationship between a husband and wife entitled him. *See Eltzroth and Eltzroth,* 67 Or App 520, 525, 679 P2d 1369 (1984). He also argues that the court erred when it placed on him the burden of proving that

he did not receive adequate disclosure. The latter argument is unpersuasive.[1] We review *de novo*. Plaintiff identifies no error that could have resulted from the purported misallocation of the burden other than a finding contrary to the weight of the evidence. Consequently, we need not consider the burden of proof argument independently of our factual review. *See Callan v. Confed. of Oreg. Sch. Adm.*, 79 Or App 73, 76 n 2, 717 P2d 1252 (1986). If plaintiff is to prevail, the weight of the evidence must show that he did not receive fair and reasonable disclosure of decedent's property and financial obligations before he signed the agreement.

The agreement recites that the parties had disclosed the full extent of their individual property. The recitals are all clear and put plaintiff on notice of what he was relinquishing by signing. Moreover, plaintiff had the opportunity to gain a reasonably accurate idea of what decedent owned before he signed the agreement. He knew that she did not have to work, that she had owned a business, that she had investments, that she owned her own home and traveled, that she expected him to travel with her and that she was able to buy a motor home for them just before the wedding. Furthermore, there was no direct evidence of lack of disclosure. Plaintiff did not even recall signing the agreement or anything about it. His memory was so faulty that, in testifying, he forgot one of his marriages and how many grandchildren he had.[2]

---

[1] It is true, as plaintiff argues, that in *Kosik v. George*, 253 Or 15, 22, 452 P2d 560 (1969), a case involving a premarital agreement, the court said:

"Where, by the terms of a prenuptial agreement, the provision for the wife as the survivor is clearly disproportionate to the husband's wealth, it raises a presumption of designed concealment, and places the burden on those claiming under it in his right to show that there was a full knowledge and understanding on the part of the wife at the time of execution of all the facts materially affecting her interests."

Oregon cases have not followed the quoted *dictum* in *Kosik*, even in cases involving premarital agreements. *See Merrill v. Merrill*, 275 Or 653, 552 P2d 249 (1976); *Knoll and Knoll*, 65 Or App 484, 671 P2d 718 (1983); *Bauer v. Bauer*, 1 Or App 504, 464 P2d 710 (1970). Moreover, under ORS 108.725, enacted after the *Kosik* decision, the challenger of a premarital agreement must prove that he or she did not receive a fair and reasonable disclosure of the other spouse's property, did not waive the right to that disclosure and did not have or could not have had adequate knowledge of the other spouse's property. Although that statute applies only to premarital agreements, its concepts are instructive here.

[2] A handwriting expert established that the signature on the agreement was plaintiff's.

Four friends of decedent testified to the effect that she kept detailed knowledge of her financial situation and transactions from plaintiff. That testimony, however, which related to the period after the marriage, is consistent with the decedent's wish, embodied in the agreement, to keep her property and plaintiff's separate. There was also testimony that decedent kept her financial records in plaintiff's closet, where he could have examined them but did not.

Contrary to plaintiff's argument, the evidence establishes that plaintiff received a fair and reasonable disclosure of decedent's property and financial obligations before he signed the agreement. Accordingly, the court correctly held that the agreement was enforceable. Plaintiff may not elect against the will.

Plaintiff also assigns as error on relevance grounds the court's admission of evidence about plaintiff's expectations of inheritance when he signed the agreement. The admission of the evidence was within the court's discretion.

Affirmed.