Argued and submitted December 19, 1990, on appeal, order modified and remanded; affirmed on cross-appeal May 15, 1991

In the Matter of the Marriage of

Stanley R. ADAMS,
*Appellant - Cross-Respondent,*
*and*

Nancy A. ADAMS,
now known as Nancy A. Shevach,
*Respondent - Cross-Appellant.*

(D8501-60176; CA A64411)

811 P2d 919

Scott Howard, Harrison Latto and Schwab, Hilton & Howard, Portland, filed the brief for appellant - cross-respondent.

Susan E. Watts, Portland, argued the cause for respondent - cross-appellant. With her on the brief was Kennedy, King & Zimmer, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Husband appeals from an order modifying a dissolution judgment. He argues that the court lacked authority to modify the judgment.

In 1985, the trial court entered a judgment of dissolution, incorporating the parties' property settlement agreement. Under the agreement, wife received the family home, subject to all encumbrances. Both parties thought that the house was encumbered only by a purchase money mortgage. In fact, it was also subject to a trust deed held by Oregon Pioneer Savings & Loan Association (Pioneer) to secure a 1976 loan for husband's business.

After the dissolution, husband made the payments on the loan until, two years later, he realized that it was secured by the home awarded to wife. Wife made the payments after that. Under the settlement agreement, husband owed wife $30,000, payable two years after entry of the judgment. He offset the amount that he had paid on the Pioneer loan and paid wife the balance. Both parties moved for orders to show cause. Husband sought, *inter alia,* an order establishing that the $30,000 judgment had been satisfied, and wife sought, *inter alia,* an order requiring husband to pay the loan.

A reference judge made the following findings. Both parties were represented by capable counsel. Wife was unaware of the trust deed, and husband thought that it encumbered one of the business properties that were awarded to him. Husband's attorneys incorrectly informed wife and her attorneys that only the purchase money mortgage encumbered the house. Both parties were equally responsible for the error. The decree and agreement were not the result of any fraud, duress, overreaching or undue influence.

The trial court modified the dissolution judgment to require husband to pay the Pioneer loan. It relied on its equitable power under ORS 107.405 to interpret the terms of the judgment. It also awarded wife $4,825.08, the amount that she had paid on the loan; $28.71, one-half of the late charges; and $4,854.78, the amount that husband had offset from the $30,000 judgment with interest. It denied husband's request for an order satisfying the judgment. It also made several decisions that are not assigned as error.

■■    Husband argues that the court could not change the judgment under the guise of interpreting it, because the judgment was unambiguous. He also argues that the court erred, because a property division cannot be modified. Wife does not dispute that the judgment was unambiguous and could not be interpreted to mean that husband had to pay the loan. She also does not dispute that a property division cannot be modified under ORS 107.135(1)(a). *Spady v. Graves,* 307 Or 483, 770 P2d 53 (1989); *Pope and Pope,* 301 Or 42, 718 P2d 735 (1986). In her response and cross-assignment of error, she argues that the court had authority to modify the terms under ORCP 71C.[1] The inherent power to modify a judgment recognized in ORCP 71C is limited to technical amendments and extraordinary circumstances, such as extrinsic fraud. *Trickel and Trickel,* 100 Or App 722, 788 P2d 489 (1990); *Renninger and Renninger,* 82 Or App 706, 711, 730 P2d 37 (1986).

In *Harder v. Harder,* 49 Or App 582, 585, 619 P2d 1367 (1980), *rev den* 290 Or 551 (1981), the husband and the wife negotiated a property settlement agreement that was incorporated into the dissolution judgment. Both assumed that the stock in the family business was of insignificant value, and they made no provision for it. After the dissolution, the wife learned that the stock had a book value of $185,000, and she sought to set aside the settlement agreement. The trial court found that the property division was not equitable, but that the husband and the wife were equally at fault. We held that "[t]he strong public policy favoring the finality of judgments and decrees requires more than proof of mutual mistake." *Harder v. Harder, supra,* 49 Or App at 585.

Here, as in *Harder,* an inequitable property division has resulted from a mutual mistake. In both cases, the trial court found that both parties were at fault. This case does not present extraordinary circumstances that would allow modification under ORCP 71C.

---

[1] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D.(6)(F), or the power of a court to set aside a judgment for fraud upon the court."

Wife argues that *Harder* was implicitly overruled by *Stevenson v. U.S. National Bank,* 296 Or 495, 677 P2d 696 (1984). There, the trial court had told the plaintiffs that it would hear their additional evidence before it entered summary judgment against them. The court then mistakenly entered a judgment. When the plaintiffs objected, the court set aside the judgment, heard the evidence and entered another judgment. The Supreme Court held that the court had acted within the authority of ORCP 71A and ORCP 71C and that the notice of appeal was timely, because it was filed within 30 days of the latter judgment. *Stevenson* did not involve a mutual mistake of fact; it involved a clerical error, for which ORCP 71A specifically provides. It is not inconsistent with *Harder.* For the same reason, wife's reliance on *Hopkins and Hopkins,* 102 Or App 655, 796 P2d 660 (1990), *rev den* 311 Or 87 (1991), is misplaced.

██ Both husband and wife here intended that wife pay all of the encumbrances on the family home, and the judgment correctly reflected that intent. The error was in their assumption that there was only one encumbrance. That was a mistake of fact and is not covered by ORCP 71A. ORCP 71B provides for relief based on mistake, but it requires a party to move for relief not more than a year after she receives notice of the judgment. Wife did not.

█ Husband argues that the trial court should have granted his request for an order satisfying the $30,000 judgment against him. We agree that he is entitled to a satisfaction of the judgment. The property settlement awarded the house to wife "subject to any and all encumbrances thereon, and for which she agrees to hold Husband harmless therefrom." Under that plain language, wife is obligated to indemnify husband for the payments that he made.

In view of our disposition of the case, we need not address the remaining assignments of error or wife's cross-appeal.

On appeal, order modified by deleting paragraphs 1, 4, 6 and 7; remanded for entry of satisfaction of judgment and entry of modified order not inconsistent with this opinion; affirmed on cross-appeal. No costs to either party.