Argued and submitted January 25, reversed; original stipulated judgment reinstated
May 12, 1993

In the Matter of the Marriage of

Donna Jean MURRAY,
*Respondent,*
*and*

Clifford Lavern MURRAY,
*Appellant.*

(D8911-69045; CA A72726)

852 P2d 204

Jeanette Bello, Portland, argued the cause for appellant. With her on the brief was Dobbins & McCurdy, Portland.

Doreen Stamm Margolin and Margolin & Margolin, Portland, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Husband appeals a dissolution judgment that was entered after the trial court granted wife's motion to set aside the original stipulated dissolution judgment. We reverse, and reinstate the original stipulated judgment.

The stipulated judgment was entered May 22, 1991. It dissolved the 21-year marriage and awarded husband the parties' home and custody of the younger of their two sons. At that time, the older son was attending college in another state. Shortly thereafter, the older child returned to Oregon to live with husband. The two children got into fights that injured the younger child, who then went to live with wife. On June 24, 1991, wife moved under ORCP 71B to set aside the dissolution judgment, because she had agreed to give up her interest in the parties' home in the belief that husband would be the sole support for the younger child. The trial court granted the motion. Following trial, the court entered a new dissolution judgment ordering the home sold and the liquidated assets divided equally between husband and wife.

■     Husband assigns error to the order granting wife's motion to set aside the stipulated dissolution judgment. We review that ruling for abuse of discretion. *Kachaturian and Kachaturian*, 58 Or App 497, 648 P2d 1313 (1982).

■     Although a property division may not be modified under ORS 107.135(1)(a), *Rousseau and Rousseau*, 76 Or App 528, 709 P2d 764 (1985), a dissolution judgment, including the property division, may be set aside under ORCP 71. *Renninger and Renninger*, 82 Or App 706, 711, 730 P2d 37 (1986); *Eltzroth and Eltzroth*, 67 Or App 520, 679 P2d 1369 (1984). Wife argues that the ruling granting her motion was within the trial court's discretion either on the ground of mistake, ORCP 71B(1)(a), or that it was no longer equitable that the judgment have prospective application. ORCP 71B(1)(e).

In general, ORCP 71B(1)(a) and (e) provide grounds to set aside a judgment. However,

"[a] stipulated judgment * * * is a contract that has been approved by a court. It can only be set aside on grounds adequate to rescind a contract. It follows that wife[, as the moving party,] has to show by clear and convincing proof that

husband committed fraud or misconduct, that there was a mutual mistake or that there was no agreement." *Erwin and Erwin*, 100 Or App 64, 67, 784 P2d 1109 (1990). (Citations omitted.)

Wife's sole argument for rescission here is that the contract was based on mutual mistake of fact, because the parties incorrectly assumed that the younger child would be living with husband.

■■    Mutual mistake is a ground for rescission where the parties are mistaken as to the facts existing *at the time of the contract*, if the mistake is so fundamental that it frustrates the purpose of the contract. *Shop. Centers v. Stand. Growth Prop.*, 265 Or 405, 411, 498 P2d 781, 509 P2d 1189 (1973). Wife does not argue that the parties were mistaken as to the facts existing at the time they entered into the contract. She argues that circumstances changed, and an unanticipated fact arose after the parties entered into the contract. That does not establish grounds for rescission based on mutual mistake of fact.

Reversed; original stipulated judgment reinstated. No costs to either party.