On respondent's motion for partial dismissal of appeal filed December 24, 1997, and on appellant's motion to file late transcript filed January 27, respondent's motion to dismiss denied; appellant's motion for leave to file late transcript allowed July 15, 1998

In the Matter of the Marriage of

Louise BROWN,
*Respondent,*
*and*

Samir SHIBAN,
*Appellant.*

(C95-4073 DR; CA A96939)

963 P2d 105

Mark A. Johnson and Findling & Johnson for the motion to dismiss.

Allen F. Knappenberger, *contra,* and filed motion to file late transcript.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Husband appeals from the entry of a stipulated judgment in a dissolution case. Wife moves to dismiss the appeal as one from a nonappealable judgment. Because the issue on appeal involves whether husband consented to the judgment, we deny wife's motion.

Wife filed a petition for a judgment of separation and division of property. Husband filed a counter-petition for dissolution of marriage. The parties agreed to proceed with the case as a dissolution rather than a separation matter. At a pretrial hearing, the parties stipulated to a settlement agreement and read that agreement into the record. The trial court did not indicate its approval or disapproval of the settlement.

Over a month later, but before the trial court had entered a stipulated judgment, husband moved to withdraw his stipulation. He argued that wife's attorney had made threats of legal action based on wife's contention that husband's previous marriage had not been legally dissolved. Husband maintained that he reasonably believed those threats and that they caused him to stipulate to a property settlement that he would not otherwise have agreed to. The trial court held a hearing on husband's motion, found that wife's attorney had not made threats that had caused husband to enter into the stipulation, and denied the motion. The trial court then entered a stipulated judgment based on the settlement agreement, dissolving the marriage and dividing the property.

Husband appeals from the entry of the stipulated judgment, assigning error to, among other things, the trial court's denial of his motion to withdraw the stipulation. Husband argues that he stipulated to the settlement under the duress of wife's attorney's threats and, therefore, did not validly consent to the judgment. Wife moves to dismiss that portion of the appeal, arguing that a stipulated judgment is nonappealable.

Wife is correct that, as a general rule, no appeal lies from a stipulated judgment. *Russell v. Sheahan*, 324 Or 445, 927 P2d 591 (1996). That rule exists, in part, to ensure that

every appeal presents a genuine controversy for the court to decide. To ensure that controversy, we deem consent to a judgment to be a waiver of appellate rights. *See id.* at 451; *see also State ex rel Scholarship Commission v. Magar*, 288 Or 635, 641, 607 P2d 167 (1980); *Westfall v. Wilson*, 255 Or 428, 431, 467 P2d 966 (1970); *Rader v. Barr*, 22 Or 495, 29 P 889 (1892).

However, the prerequisite to application of that rule has always been actual consent to entry of the judgment. For example, in *Russell*, the Oregon Supreme Court quoted with approval the following rationale:

> " '*By consenting* to the rendition of a judgment * * * the [stipulating party], in effect, waived his answer and left no issue in the case to be tried, and from such a judgment no appeal lies * * *. The reason of this rule is plain. Courts are held to try real controversies between parties; but *consent ends all contention,* and leaves nothing for the court to do but to see that the same is carried into effect.' "

*Russell*, 324 Or at 451 (quoting *Rader*, 22 Or at 496) (emphasis supplied; citations omitted). Further, Oregon courts have also described a stipulated judgment as a type of contract for which consent is required:

> "The general rule is * * * '[t]hat an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by appropriate legal proceeding.' "

*Westfall*, 255 Or at 431 (quoting H. D. Warren, Annotation, *Power to Open or Modify "Consent" Judgments,* 139 ALR 422 (1942)); *see also Erwin and Erwin*, 100 Or App 64, 67, 784 P2d 1109 (1990). In other words, it is the presence of consent that ends the controversy and makes the ensuing judgment nonappealable.

The validity of a stipulated judgment clearly can be challenged by a party in an appropriate proceeding on the ground that the party did not consent to it. *See, e.g., Magar*, 288 Or at 641-42; *Murray and Murray*, 120 Or App 216,

218-19, 852 P2d 204 (1993). The issue is whether that challenge can be made on direct appeal from the stipulated judgment or whether it must be made through a post-judgment motion or an independent action seeking to set aside the judgment. *Schoren v. Schoren*, 110 Or 272, 214 P 885, 222 P 1096 (1924), establishes that the challenge can be raised on direct appeal.

In *Schoren*, the husband and wife, with the trial court's approval, orally stipulated to a settlement dissolving their marriage and dividing their property. After a disagreement arose over whether that stipulation was still binding, the wife moved that the court sign her proposed findings and order that incorporated the stipulation. The husband objected on the ground that his consent to the agreement was not complete until the agreement had been reduced to writing, signed by the parties and filed in court. The trial court concluded that the husband's oral stipulation was binding and entered a stipulated judgment.

The husband appealed the stipulated judgment and the wife challenged his right to do that, arguing that a stipulated judgment was not appealable. The Oregon Supreme Court agreed in principle with the wife's position but nevertheless proceeded to address whether the husband had consented to the judgment. The court reasoned as follows:

> "In the light of the doctrine announced by this court in [*Rader v. Barr*], and so fully and clearly explained in the opinion in *Schmidt v. Oregon Gold Mining Co.*[, 28 Or 9, 40 P 406, 1014 (1895), husband] is not entitled to appeal from the provisions of the decree relating to the division of the property between [husband and wife], *unless, as claimed by [husband], notwithstanding the recitals of the decree, those provisions were not consented to by [husband].* To determine whether [husband] in fact consented to the property settlement expressed in the findings and adjudicated by the decree, it is necessary to examine the record[.]"

*Id.* at 292-93 (emphasis supplied).

Here, husband's appeal raises the issue whether he consented to the settlement. Husband contended at trial that wife's attorney's threats of legal action constituted duress that vitiated his consent to the judgment. On *de novo* review,

we could determine that the trial court's determination to the contrary was wrong and, therefore, that husband did not validly consent to the judgment. *See, e.g., Jones v. Jones*, 276 Or 1125, 1128, 557 P2d 239 (1976) (defining duress as "any wrongful act or threat thereof which actually compels the victim, against his will, either to act or to forbear from acting"); *Guinn v. Sumpter Valley Ry. Co.*, 63 Or 368, 372-74, 127 P 987 (1912) (wrongful threats of legal action can constitute duress). That is an issue that can properly be raised by husband on direct appeal of the stipulated judgment, as is any other issue that bears on whether husband consented to the judgment.

A genuine controversy thus exists between husband and wife as to whether husband consented to the stipulated judgment. Accordingly, we deny wife's motion to dismiss with leave to renew her arguments.

Finally, husband has moved for leave to file a late transcript and wife does not object. We allow that motion.

Motion to dismiss denied. Motion for leave to file late transcript allowed.