Argued and submitted March 14, affirmed August 1, reconsideration denied December 26, 1990, petition for review denied January 15, 1991

(311 Or 87)

In the Matter of the Marriage of

Candace Kay HOPKINS,
nka Candace Kay LaRoche,
*Appellant,*
*and*

John Murrell HOPKINS,
*Respondent.*

(A8310-67631; CA A60724)

796 P2d 660

Sanford Wynn Zeitz, Portland, argued the cause and filed the brief for appellant.

Thomas C. Boardman, Portland, argued the cause for respondent. With him on the brief was Boardman & Oldham, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Wife appeals from an amended dissolution judgment. We affirm.

In 1976, wife and husband executed a property settlement agreement (1976 agreement) that awarded husband a piece of real property located in Kitsap County, Washington (Kitsap property), which they had owned as tenants in common. The 1976 agreement was incorporated in a separation decree in January, 1977.

The parties did not finally separate until 1981. The dissolution proceeding was filed in 1983. After trial, the court wrote an opinion letter finding, in pertinent part:

"4. Wife was unknowledgeable [*sic*] regarding husband's business holdings and affairs and her request for information regarding the nature, extent and value of his business interests was not responded to by husband's attorney as indicated by his case notes. Consequently, wife's waiver of any interest in husband's present and future business interests was not knowingly made and therefore not a valid waiver.

"5. Neither party abided by the terms of the property settlement agreement subsequent to its execution. They continued to cohabit and co-mingle their property for substantial periods following the execution of the agreement. * * * I am satisfied that, without any doubt, the parties intentionally disregarded the agreement and continued on with the marriage relationship when it served one or the other's purpose to do so.

"Based upon the above findings, I conclude as a matter of law that the property settlement executed by the parties in December of 1976 is invalid for the purpose of controlling the distribution of assets in this divorce proceeding."

After listing the values of properties that had not actually already been distributed pursuant to the 1976 agreement, the court continued:

"I am satisfied that the values for distribution of the properties contained in the [1976 agreement] are equitable to the extent identified *and the Court will not disturb that award of property*." (Emphasis supplied.)

The court entered a judgment in September, 1984, and an

amended judgment on October 4, 1984 (1984 amended judgment), which did not specifically redistribute or list the properties distributed by the 1976 agreement, but incorporated by reference the August 3 opinion letter, which had approved the 1976 division of property. The 1984 amended judgment specifically distributed other properties, primarily from husband's business, and awarded wife a $34,350 judgment, secured by a lien against husband's interest in the Kitsap property.

After the 1984 amended judgment, husband maintained the Kitsap property by himself, renting it out to tenants. In 1988, wife evicted husband's tenant by self-help and moved onto the property herself. Husband then sought to quiet title and a judgment directing wife to sign a deed transferring her interest in the property to husband. On April 10, 1989, the court entered another amended judgment (1989 amended judgment), specifically awarding the Kitsap property to husband and directing wife to execute a deed conveying her interest to husband.

Wife appeals from the 1989 amended judgment, arguing that it is an invalid and untimely modification of the 1984 amended judgment. She argues that the 1984 amended judgment did not award the Kitsap property and, because the 1976 agreement was purportedly invalidated by the 1984 amended judgment, the parties remain tenants in common. We disagree; the agreement was not invalidated.

ORCP 71A states, in pertinent part:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."

When the Oregon Rules of Civil Procedure were adopted in 1978, ORCP 71A codified Oregon case law, which had previously given the court power to correct "clerical, as contrasted with judicial errors, in order to make the record speak the truth and conform it to what actually occurred." *Hubbard v. Hubbard,* 213 Or 482, 487, 324 P2d 469 (1958). In *Hubbard,* the Supreme Court adopted a broad definition of "clerical error":

" "* * * "[C]lerical" is employed in a broad sense as contradistinguished from "judicial" error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.' " 213 Or at 487-88, *quoting* 1 Freeman, *Judgments* 284, § 146 (5th ed 1925).

Moreover, ORCP 71A is patterned on FRCP 60(a), which has been interpreted by federal courts in a manner similar to the interpretation Oregon adopted in *Hubbard:*

" '[A "clerical error" under Rule 60(a)] is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.' " *U.S. v. Kenner,* 455 F2d 1, 6 (7th Cir 1972), *quoting In re Merry Queen Transfer Corp., D.C.,* 266 F Supp 605, 607 (EDNY 1967).

In this case, the 1984 amended judgment incorporated by reference the court's opinion letter, which stated that it would not disturb the 1976 agreement, which expressly awarded the Kitsap property to husband. What actually occurred in the 1984 amended judgment, therefore, was a distribution identical to the distribution of properties in the 1976 agreement with the additional award of husband's business property. The absence from the 1984 amended judgment of either an explicit incorporation by reference of the 1976 agreement or of a list of the 1976 property awards was a clerical error of omission by the judge, the correction of which involves no judicial reasoning or determination. ORCP 71A gave the trial court authority to amend the judgment to correct the omission.

Affirmed. Costs to husband.