In the Matter of the Marriage of

## Richard A. HORROCKS,
*Appellant,*

*and*

## Marilyn H. HORROCKS,
*Respondent.*

(D8909-67567; CA A76708)

862 P2d 540

Terrance J. Slominski argued the cause and filed the brief for appellant.

Gary J. Zimmer argued the cause for respondent. With him on the brief were Shawn L. Koch and Kennedy, King & Zimmer.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this domestic relations case, husband appeals an order modifying the original dissolution judgment concerning the division of husband's retirement benefits.[1] We vacate the order and reinstate the original judgment.

Husband and wife's 16-year marriage was dissolved in 1990. In a letter opinion dated December 13, 1990, the trial court divided the parties' marital assets equally. With respect to husband's retirement benefits, the court ruled:

> "In accordance with the dictates of *Richardson v. Richardson et al* [*sic*], [307 Or 370, 769 P2d 179 (1989)], the court finds that the marital portion of [husband's] Unocal pension, profit sharing and stock ownership plans are [*sic*] valued at $53,000. Husband is awarded these rights subject to QDRO's [*sic*] which award wife one-half of the marital portion in each program."

On February 4, 1991, the court entered its dissolution judgment, which provided, among other things:

> "[That husband's] pension, profit sharing and stock ownership plan are valued at $53,000 and that [husband] is awarded these rights subject to QDRO's [*sic*] which entitles is [*sic*] one half of said amount of these values in favor of [wife] or $26,500. The parties will present a Supplemental Order that is satisfactory to the employer, Unocal, and conforms to the court's decree. The court will continue jurisdiction until the QDRO papers are satisfactorily completed."

On January 6, 1992, wife filed a motion requesting that husband be ordered to show cause why a QDRO domestic relations order should not be entered in accordance with the letter ruling of December 13, 1990. In the motion, wife asserted that the value of husband's retirement plans had been incorrectly calculated at $53,000.[2] Accordingly, she proposed a QDRO that would award her one-half interest in the plans, rather than the fixed dollar amount of $26,500. Husband opposed the motion, arguing that wife was entitled

---

[1] In his notice of appeal, husband also appeals from the qualified domestic relations order (QDRO). However, he makes no independent assignments of error concerning that order.

[2] Wife asserted that, if husband's retirement benefits had been correctly calculated, her interest would have been doubled.

only to $26,500 as provided by the dissolution judgment. On May 26, wife formally moved to correct the judgment, pursuant to ORCP 71A.[3] The trial court granted wife's motion on the basis of either clerical error under ORCP 71A or its inherent authority. It then entered a QDRO as wife proposed, awarding her one-half interest in the marital portion of husband's retirement benefits.

Husband argues that the trial court erred in correcting the dissolution judgment on the basis of a clerical error. ORCP 71A grants a court the authority to correct clerical mistakes in judgments, orders or other parts of the record and errors arising from oversight or omission. In *Hopkins and Hopkins*, 102 Or App 655, 658, 796 P2d 660 (1990), *rev den* 311 Or 87 (1991), we followed a definition of "clerical error" adopted by the Oregon Supreme Court in *Hubbard v. Hubbard*, 213 Or 482, 324 P2d 469 (1958). The court in *Hubbard* distinguished "clerical" error from "judicial" error and defined the former to "cover all errors, mistakes, or omissions which are not the result of the exercise of the judicial function." 213 Or at 487. In *Hopkins and Hopkins, supra,* 102 Or App at 659, we also noted that FRCP 60(a), on which ORCP 71A is patterned, had been interpreted in a manner similar to the interpretation adopted in *Hubbard*:

> " '[A "clerical error" under Rule 60(a)] is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.' " *U.S. v. Kenner,* 455 F2d 1, 6 (7th Cir 1972), *quoting In re Merry Queen Transfer Corp. D.C.,* 266 F Supp 605, 607 (EDNY 1967).

Wife argues that, because the trial court's original intent was to award her one-half of the marital portion of husband's retirement benefits, its subsequent decision to award her only a fixed dollar amount was a clerical error. She relies on the court's December 13, 1990, letter ruling and its statement at the show cause hearing to prove that intent. We

---

[3] The record also contains a motion filed by wife on April 25, 1991, to set aside the dissolution judgment. In an affidavit that accompanied that motion, wife asserted that she did not know that husband had submitted a proposed judgment to the court for signature. She also asserted that the judgment was inconsistent with the court's December 13 letter ruling. It is not clear from the record how that motion was disposed of, although at the show cause hearing husband's counsel asserted that a hearing had been held on it.

are not convinced that the court's subjective intent alone determines whether an error is clerical. On its face, the dissolution judgment shows that the court made a conscious and unequivocal decision on the division of husband's retirement benefits. To be sure, the trial court in its December 13 letter ruling intended to divide the parties' marital assets equally. Nonetheless, it valued the marital portion of husband's retirement benefits at $53,000 and awarded wife one-half of those benefits. The error, if any, therefore, is a mistake of fact as to the value of husband's assets and is judicial, rather than clerical.

■ Wife also argues that the trial court has the inherent authority to modify its judgment under ORCP 71C.[4] Under the circumstances of this case, we disagree. In *Adams and Adams*, 107 Or App 93, 96, 811 P2d 919 (1991), we said that "[t]he inherent power to modify a judgment recognized in ORCP 71C is limited to technical amendments and extraordinary circumstances, such as extrinsic fraud."[5] We have already said that there was no technical error. Further, wife has presented no evidence of extraordinary circumstances that would justify a modification. Merely a claim about what the trial court had originally intended, without more, is insufficient for the court to invoke its inherent power.

Order correcting original judgment vacated; original judgment reinstated. Costs to husband.

---

[4] ORCP 71C provides:

"This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under 7 D.(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

[5] Wife relies on some caselaw in arguing that the trial court had the inherent power to correct the original judgment under the circumstances of this case. *See, e.g., Morphet v. Morphet*, 263 Or 311, 317, 502 P2d 255 (1972); *McCormack and McCormack*, 45 Or App 1111, 610 P2d 290 (1980). However, those cases either predated or did not discuss ORCP 71C. We have consistently interpreted ORCP 71C as limiting the court's exercise of its inherent authority to extraordinary circumstances, such as fraud, misconduct or overreaching. *See Blue Horse v. Sisters of Providence*, 113 Or App 82, 86, 830 P2d 611, *rev den* 314 Or 727 (1992); *Adams and Adams, supra*, 107 Or App at 96; *Trickel and Trickel*, 100 Or App 722, 724, 788 P2d 489 (1990); *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986); *Vinson and Vinson*, 57 Or App 355, 359, 644 P2d 635, *rev den* 293 Or 456 (1982); *cf. Harder v. Harder*, 49 Or App 582, 584, 619 P2d 1367 (1980), *rev den* 290 Or 551 (1981).