Submitted on record and briefs February 20, affirmed on appeal; reversed on cross-appeal with instructions June 10, 1998

CITY OF CANBY,
a municipal corporation
and political subdivision of the State of Oregon,
*Respondent - Cross-Appellant,*

*v.*

Michael W. RINKES
and Janet K. Rinkes,
husband and wife,
*Appellants - Cross-Respondents.*

(90-08-180)

Michael W. RINKES
and Janet K. Rinkes,
husband and wife
*Appellants - Cross-Respondents,*

*v.*

CITY OF CANBY,
a municipal corporation
and political subdivision of the State of Oregon,
*Respondent - Cross-Appellant.*

(90-08-381; CA A95505)

961 P2d 291

James E. Leuenberger filed the briefs for appellants - cross-respondents.

Donald R. Stark, John Dudrey, John H. Kelley and Williams, Fredrickson & Stark filed the briefs for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Michael and Janet Rinkes appeal from an amended supplemental judgment that was entered in a consolidated case. The consolidated case consists of an action by the City of Canby to condemn a parcel of property owned by the Rinkeses and an action by the Rinkeses against the city for its alleged breach of a lease on a portion of the property. The city cross-appeals. We affirm on the appeal and reverse on the cross-appeal.

■■ The facts and procedural history of this case are outlined in detail in *City of Canby v. Rinkes*, 136 Or App 602, 902 P2d 605 (1995), *rev den* 322 Or 489 (1996). We will summarize only the facts relevant to this appeal. "In August 1989, the Rinkeses bought approximately 30 acres of land in Canby. The city had a lease with the prior owner of the land to use a portion of the property as a storm-water outfall. After the Rinkeses purchased the property, the lease was terminated." *Id.* at 604. On August 16, 1990, the city filed a complaint seeking to condemn the property "for use as a storm-water collection and treatment site." *Id.* Pursuant to ORS 35.265(1),[1] the city deposited $245,500 in an interest-bearing account for the Rinkeses when it filed the action. In response, the Rinkeses filed a breach-of-lease action on August 29, 1990. The trial court consolidated the actions.

In July 1991, the court ruled that the Rinkeses had terminated the lease with the city on or about July 13, 1990, and that, after the termination, the city had breached the lease agreement by failing to restore the leased property to its prelease condition, as required by the agreement. In October 1991, the court ruled that the city could condemn a portion of the Rinkeses' property. The court ruled that the Rinkeses' damages for the city's breach of the lease and the

---

[1] ORS 35.265(1) provides:

"When a public condemner commences an action for the condemnation of property and immediate possession of the property is considered necessary by the public condemner, a fund shall be created in the amount estimated to be the just compensation for the property and placed in the hands of the treasurer of the public condemner for deposit with the clerk of the court wherein the action was commenced, for the use of the defendants in the action."

just compensation due them for the condemned property would be determined by a jury.

Later that month, the parties entered into a settlement agreement in which they agreed to arbitrate the issues that were to be decided by a jury. After the arbitration, the trial court entered a supplemental judgment in May 1993. The judgment stated that the arbitrators had awarded the Rinkeses (1) $200,000 for the condemned property; (2) $5,100 in damages for the city's breach of the lease; and (3) $40,000 in attorney fees. Thus, the arbitrators awarded the Rinkeses a total of $245,100. The court found that the Rinkeses had "withdrawn $72,913.69 from the funds placed on deposit with the court by" the city, so, under the arbitrators' award, the Rinkeses were entitled to receive an additional $172,186.31 from the account. The court ordered that the property be condemned, that $172,186.31 be released to the Rinkeses from the account and that the balance of the account be released to the city. The Rinkeses appealed from that judgment and made arguments that are not relevant here. We rejected their arguments and affirmed the judgment. 136 Or App at 611. The Supreme Court denied review and our appellate judgment became effective on March 20, 1996.

On August 15, 1996, the Rinkeses filed a motion under ORCP 71 C to modify the 1993 supplemental judgment. First, the Rinkeses argued that the court had erred when it failed "to include [the] provisions required in a condemnation judgment by ORS 35.385(2)."[2] They argued that the mandatory nature of ORS 35.382(2) required the court to rectify that error. Second, the Rinkeses argued that the court had erred when it ordered that "the balance of the account" created for the Rinkeses' use be returned to the city. Because

---

[2] ORS 35.385(2) provides:

"If real property is acquired by a condemner under this chapter by judgment given in a condemnation action under ORS 35.325, the court shall:

"(a) Specify in the judgment a reasonable period within which the real property must be used by the condemner for a public purpose or specify a 10-year period, and provide that the right of repurchase may be exercised with respect to the real property as provided in ORS 35.385 to 35.415; or

"(b) Specify that the right of repurchase of the real property has been waived by the owner and, in such case, not specify a period within which the real property must be used by the condemner for a public purpose."

the account was an interest-bearing account, the court's distribution permitted the city to recover $27,314.27 in interest that had accrued on the money kept in the account. The Rinkeses argued that by distributing the money in that manner, the court had "tacitly" interpreted ORS 35.265(3)[3] "to mean that the Rinkeses are not entitled to any interest that may accrue on the money after it is deposited with the court." They argued that that interpretation was incorrect and that they, not the city, were entitled to the interest. To remedy that error, the Rinkeses asked the court to award them the $27,314.27 in interest earned on the money in the account plus an additional $5,413.90, which equaled the amount of interest that would have accrued on the $27,314.27 had the Rinkeses been awarded that money in the original supplemental judgment.

The court issued an amended supplemental judgment that (1) set aside the original supplemental judgment; (2) condemned the property that had been condemned in the first judgment "free and clear of the interests of the Rinkeses"; (3) provided that, pursuant to ORS 35.385(2)(a), the city had to use the condemned property for a public purpose within 10 years of May 6, 1993; (4) ordered that, pursuant to ORS 35.385(2)(a), the Rinkeses be afforded all of the rights under ORS 35.385 to ORS 35.415; and (5) ordered the city to pay $27,314.27 into the interest-bearing account previously established for the Rinkeses' use and awarded the balance of that account to the Rinkeses.[4] The court did not award the Rinkeses the additional $5,413.90 in interest that they sought. Both the city and the Rinkeses appealed.

On appeal, the Rinkeses argue that the trial court erred when it failed to award them the $5,413.90 in interest that they would have earned on the $27,314.27 that the city

---

[3] ORS 35.265(3) provides:

"Upon the deposit in court by the public condemner of the estimated amount of just compensation as provided by subsections (1) and (2) of this section, no interest shall be allowed thereon in any final judgment."

[4] It appears that the city had withdrawn from the account the "balance" owed to it under the supplemental judgment and that the Rinkeses had kept their award intact in that account.

withdrew from the interest-bearing account. On cross-appeal, the city argues that the trial court abused its discretion by entering the amended supplemental judgment. Because it is dispositive, we address the city's cross-appeal first.

■ The trial court issued the amended supplemental judgment on the Rinkeses' motion, relying exclusively on ORCP 71 C.[5] ORCP 71 C "reaffirms a trial court's traditional power to modify a judgment within a reasonable time." *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986). We review a court's actions pursuant to ORCP 71 C for an abuse of discretion. *Dept. of Human Resources v. Shinall*, 148 Or App 560, 563, 941 P2d 616 (1997). A court's discretion under that rule is limited. As we summarized in *Condliff*:

> "Although the boundaries of that authority are not well defined, generally the court's exercise of its inherent authority has been limited to making technical amendments, *Palmateer v. Homestead Development Corp.*, [67 Or App 678, 680 P2d 695 (1984)], to correcting errors of the court, *Stevenson v. U.S. National Bank*, 296 Or 495, 677 P2d 696 (1984), or to situations in which 'extraordinary circumstances' are present. *Vinson and Vinson*, 57 Or App 355, 644 P2d 635, *rev den* 293 Or 456 (1982). Generally, the authority has not been used to allow parties to circumvent res judicata or to assert new substantive arguments. *Stevenson v. U.S. National Bank, supra*; *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 601 P2d 1237 (1979)."

82 Or App at 118.

On cross-appeal, the city argues that the trial court did not have authority under ORCP 71 C to issue an amended supplemental judgment because the Rinkeses' motion asserted new substantive arguments that could have been, but were not, raised in their first appeal. The Rinkeses argue that the court could properly address the issues raised

---

[5] ORCP 71 C provides:

> "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

in their ORCP 71 C motion because they involved merely technical errors.

■ Even if we were to agree with the Rinkeses that the issues raised in their ORCP 71 C motion were not new substantive issues that should have been raised earlier, we conclude that they are not the type of technical errors that ORCP 71 C was designed to address. A technical error, like a clerical error, is one that is "mechanical in nature" and "apparent on the record." *Horracks and Horracks*, 124 Or App 233, 236-37, 862 P2d 540 (1993) (citations omitted), *rev den* 318 Or 326 (1994). It is " 'not the result of the exercise of the judicial function.' " *Id.* (quoting *Hubbard and Hubbard*, 213 Or 482, 487, 324 P2d 469 (1958)).

The errors alleged in the Rinkeses' ORCP 71 C motion were not technical. First, the Rinkeses argued that the court erred in entering the supplemental judgment because it improperly awarded the city the interest from the account that had been created for the Rinkeses' use. As the Rinkeses acknowledged, however, the court's distribution of the funds in that account involved a "tacit" interpretation of ORS 35.265(3). Therefore, it involved an exercise of the judicial function and cannot be considered a technical error.

Second, the Rinkeses argued that the court erred in entering the supplemental judgment because, under ORS 35.385(2)(a), the court was required to specify in the judgment that the real property had to be used for a public purpose within a ten-year period and "provide that the right of repurchase may be exercised with respect to the real property as provided in ORS 35.385 to 35.415." However, under ORS 35.415(2), the court's omission of those provisions was not necessarily an error at all, technical or otherwise. ORS 35.415(2) provides:

> "ORS 35.385 to 35.415 shall not apply to any real property acquired under ORS 35.385(1) and (2) after the date the real property is used for the purpose for which it was acquired nor shall ORS 35.385 to 35.415 apply to any tract of real property where the compensation and damages paid to the owner is less than $1,000."

(Emphasis supplied.) In this case, the city had used the disputed property for years as a storm-water fallout location.

After the Rinkeses terminated the lease that authorized that use, the city acquired the property through condemnation in order to continue to use it for that purpose. The city acquired the property at the outset of the condemnation action and may well have used it for its intended purpose before the court entered the condemnation judgment. Consequently, the statutory rights that the Rinkeses sought to have added to the judgment, the rights created by ORS 35.385 to 35.410, would not necessarily apply to this case. The determination whether those rights would apply would involve the exercise of the judicial function. As a consequence, the court's decision to amend the judgment to include those rights cannot be considered a decision to remedy a technical error.

The issues raised by the Rinkeses' motion did not present technical errors that were subject to correction under ORCP 71 C. Therefore, the trial court abused its discretion when it acted pursuant to ORCP 71 C to modify the supplemental judgment.

In light of our disposition of the cross-appeal, we need not address the Rinkeses' argument that the court erred when it failed to award them the $5,413.90 in interest that would have accrued on the $27,314.27. We reject the Rinkeses' other arguments on appeal without discussion.

Affirmed on appeal; reversed on cross-appeal with instructions to reinstate the 1993 supplemental judgment.