RAMIS CREW CORRIGAN & BACHRACH, LLP,
an Oregon limited liability partnership,
Hibbard Caldwell Schultz Ramis & Crew,
an assumed business name,
*Respondent - Cross-Appellant,*

*and*

HIBBARD CALDWELL & SCHULTZ, PC,
an Oregon professional corporation,
*Plaintiff below,*

*v.*

Stephen L. STOELK
and B.A.S.S. Construction Company, Inc.,
an Oregon corporation,
*Appellants - Cross-Respondents,*

*and*

Shanna L. STOELK,
*Cross-Respondent,*

*and*

TITLE INSURANCE COMPANY OF OREGON,
dba First American Title Insurance Company of Oregon,
an Oregon corporation,
*Defendant below.*

RAMIS CREW CORRIGAN & BACHRACH, LLP,
an Oregon limited liability partnership,
Hibbard Caldwell Schultz Ramis & Crew,
an assumed business name,
and Hibbard Caldwell & Schultz, PC,
an Oregon professional corporation,
*Appellants,*

*v.*

Stephen L. STOELK,
Shanna L. Stoelk,
and B.A.S.S. Construction Company, Inc.,
an Oregon corporation,
*Respondents,*

*and*

## TITLE INSURANCE COMPANY OF OREGON,
dba First American Title Insurance Company of Oregon,
an Oregon corporation,
*Defendant below.*

CCV0205809; A122808

92 P3d 154

M. Elizabeth Duncan and Green & Markley, P.C., filed a response dated January 23, 2004, for respondent - cross-appellant and appellants Ramis Crew Corrigan & Bachrach, LLP and Hibbard Caldwell & Schultz, PC.

Richard W. Todd filed a memorandum in response to order to show cause dated January 23, 2004, for appellants - cross-respondents Stephen L. Stoelk and B.A.S.S. Construction Company, Inc.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

BREWER, P. J.

## BREWER, P. J.

After defendants filed their notice of appeal from a judgment, the trial court entered an amended judgment. Thereafter, plaintiff Ramis Crew Corrigan & Bachrach, LLP (Ramis Crew) cross-appealed from the original judgment and plaintiffs Ramis Crew and Hibbard Caldwell & Schultz, P.C., appealed from the amended judgment.[1] This court issued an order to show cause, requesting that plaintiffs demonstrate the reason that their appeal from the amended judgment should not be dismissed on the ground that the filing of the notice of appeal from the original judgment had terminated the trial court's jurisdiction to amend it. We allow defendants' appeal and Ramis Crew's cross-appeal from the original judgment to proceed and dismiss plaintiffs' appeal from the amended judgment.

The pertinent facts are undisputed. On October 7, 2003, the trial court entered a judgment. That judgment provided, in pertinent part:

"1.   Plaintiff Ramis Crew Corrigan & Bachrach, LLP is awarded judgment against Defendant Stephen L. Stoelk and B.A.S.S. Construction Company, Inc., jointly and severally, in the amount of $592,193.58, together with interest at 9% per annum from March 28, 2002, until paid; plus Plaintiff['s] reasonable attorney fees and all costs and disbursements incurred herein, and that a writ of execution may issue therefor[.]

"* * * * *

### "FIRST MONEY JUDGMENT

"* * * * *

"Amount of Judgment:          $592,193.58 (not including pre-judgment interest, costs and attorney fees)

---

[1] For purposes of this opinion, when we refer to an individual plaintiff, we use its name. Otherwise, we refer collectively to plaintiffs.

"Pre-judgment interest thru <u>10/6/03</u>;     <u>$82,063.43.</u>[2]

"Post Judgment interest:     Simple interest on $592,193.58 at the rate of 9% per annum from the date of entry of judgment until paid; plus simple interest on the costs, disbursements and attorney fees of $7,376.50 at the rate of 9% per annum from the date of entry of judgment until paid[.]"

(Underscoring and boldface in original.) The money judgment portion of the judgment did not indicate that post-judgment interest also accrued on the award of prejudgment interest. On October 16, 2003, defendants filed a notice of appeal from that judgment.

On October 20, 2003, the trial court entered an amended judgment.[3] Paragraph one, as quoted above, was not amended. With regard to the money judgment, the trial court initialed the following changes that it made by interlineation:[4]

"Amount of Judgment:     $592,193.58 (not including pre-judgment interest, costs and attorney fees)

"Pre-judgment interest thru <u>10/6/03</u>; **10/7/03**     $ ~~82,063.43.~~ **$82,209.45** Simple interest on

"Post Judgment interest:     ~~$592,193.58~~ **$674,403.03** at the rate of 9% per annum from the date of entry of judgment until paid; plus simple interest on the costs, disbursements and attorney fees of $7,376.50 at the rate of 9% per annum from the date of entry of judgment until paid[.]"

---

[2] The date through which prejudgment interest runs and the amount of prejudgment interest were handwritten.

[3] Under the label "JUDGMENT" the court initialed the following change that it made by interlineation "(as amended 10/20/03)."

[4] The handwritten changes that the trial court initialed are in boldface; however, we omit the court's initials from our quotation of the amended judgment.

(Underscoring in original.)

Defendants did not appeal from the amended judgment. However, on November 17, 2003, Ramis Crew cross-appealed from the original judgment. Thereafter, plaintiffs appealed from the amended judgment, and we issued our order to show cause.

Plaintiffs contend that, even though defendants had filed a notice of appeal from the original judgment, the trial court retained jurisdiction to correct clerical errors in that judgment. Thus, plaintiffs assert that the amended judgment should be "deemed the final appealable judgment in this action," and defendants' appeal from the original judgment should be dismissed. Defendants respond that the trial court lacked jurisdiction when the amended judgment was entered because they already had appealed from the original judgment. *See* ORS 19.270(1) (2001) (providing, in part, that "[t]he Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255").[5] Consequently, defendants contend that the amended judgment has no legal effect, and that we should dismiss the appeal from that judgment.

■ The parties' arguments require that we resolve the following two issues: (1) whether the trial court had jurisdiction to enter the amended judgment after defendants had filed their notice of appeal from the original judgment, and (2) if the trial court had jurisdiction, whether the amended judgment superseded the original judgment. In resolving those issues, the parties generally refer us to several cases, but they do not address the particular statutes and rules that apply to this case. Nevertheless, "the parties may not prevent a court from noticing and invoking an applicable statute by relying only on other sources of law." *Miller v. Water Wonderland Improvement District*, 326 Or 306, 309 n 3, 951 P2d 720 (1998). For that reason, in determining whether the trial court had jurisdiction to enter the amended judgment

---

[5] ORS 19.270 was amended in 2003. Those amendments apply to the appeal of judgments entered on or after January 1, 2004. Or Laws 2003, ch 576, §§ 86, 90a. Because the judgments in this case were entered before that date, the 2003 amendments do not apply. All references in this opinion to ORS 19.270 are to the 2001 version.

after defendants had filed their notice of appeal from the original judgment, we begin with the applicable statutes and rules.

■ ORS 19.270 provides, in pertinent part:

"(5) Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction:

"(a) To enter an order under ORCP 71 * * *[.]"

In turn, ORCP 71 A provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected as provided in subsection (2) of section B of this rule."[6]

Taken together, ORS 19.270(5)(a) and ORCP 71 A provide that a trial court has jurisdiction to correct clerical mistakes in a judgment after a party files a notice of appeal from that judgment.

■ In *Hopkins and Hopkins*, 102 Or App 655, 658-59, 796 P2d 660 (1990), *rev den*, 311 Or 87 (1991), this court explained the meaning of the term "clerical mistakes":

"When the Oregon Rules of Civil Procedure were adopted in 1978, ORCP 71A codified Oregon case law, which had previously given the court power to correct 'clerical, as contrasted with judicial errors, in order to make the record speak the truth and conform it to what actually occurred.' *Hubbard v. Hubbard*, 213 Or 482, 487, 324 P2d 469 (1958). In *Hubbard*, the Supreme Court adopted a broad definition of 'clerical error':

_____

[6] ORCP 71 B(2) provides:

"A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. The moving party shall serve a copy of the motion on the appellate court. The moving party shall file a copy of the trial court's order in the appellate court within seven days of the date of the trial court order. Any necessary modification of the appeal required by the court order shall be pursuant to rule of the appellate court."

" ' "* * * '[C]lerical' is employed in a broad sense as contradistinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.' " 213 Or at 487-88, *quoting* 1 Freeman, *Judgments* 284, § 146 (5th ed 1925).

"Moreover, ORCP 71A is patterned on FRCP 60(a), which has been interpreted by federal courts in a manner similar to the interpretation Oregon adopted in *Hubbard:*

" ' "[A 'clerical error' under Rule 60(a)] is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.' " *U.S. v. Kenner*, 455 F2d 1, 6 (7th Cir 1972), *quoting In re Merry Queen Transfer Corp., D. C.*, 266 F Supp 605, 607 (EDNY 1967)."[7]

(Bracketed material in original.) More recently, this court indicated that a clerical error is one that causes a "judgment, through oversight or omission, not to reflect what occurred in the proceeding that led to the judgment." *McClure v. Lebenbaum*, 181 Or App 268, 274, 45 P3d 1038 (2002). Based on the legal standard described in those cases, we turn to the

---

[7] *Compare Hopkins*, 102 Or App at 659 (reasoning that the absence from an amended judgment of an explicit incorporation by reference of an earlier agreement or a list of the earlier property award "was a clerical error of omission by the judge, the correction of which involves no judicial reasoning or determination" and that ORCP 71 A authorized the court to amend the judgment to correct the omission), *with McClure v. Lebenbaum*, 181 Or App 268, 273-74, 45 P3d 1038 (2002) (reasoning that, when a trial court defers a determination about a party's ability to pay filing fees and enters a judgment that is silent as to any requirement to pay the deferred fee, the judge, thereafter, cannot enter a supplemental judgment for the payment of those fees on the theory that the supplemental judgment corrects a clerical error because the determination of ability to pay filing fees requires a new judicial determination), *and City of Canby v. Rinkes*, 154 Or App 364, 369-71, 961 P2d 291 (1998) (reasoning that the trial court did not have authority to enter an amended supplemental judgment on the ground that it was correcting technical errors under ORCP 71 C because the amendments required the court to interpret statutes and to determine whether the statutory rights that one party sought to have expressed in the judgment actually applied to the case—*i.e.*, because the amendments involved the exercise of a judicial function).

two pertinent amendments that the trial court made to the original judgment in this case.

■ Paragraph one of the judgment indicated that prejudgment interest accrued from March 28, 2002, and the money judgment portion of the judgment included a specific amount of prejudgment interest. Thus, the original judgment reflected the trial court's determination that plaintiff was entitled to prejudgment interest from a particular date. In the money judgment portion of the amended judgment, the court changed the date through which prejudgment interest accrued to reflect the actual date that the original judgment was entered and changed the amount of prejudgment interest apparently to reflect that entry date. Because those changes required no new legal determinations and were made to cause the judgment to speak the truth and conform to that which had already occurred, the errors were clerical, and the court had authority to correct them under ORCP 71 A.

As we have already indicated, paragraph one adjudicated plaintiff's entitlement to $592,193.58 in damages and prejudgment interest from March 28, 2002. Even though that paragraph did not expressly state that plaintiff was entitled to post-judgment interest, the original money judgment expressly indicated that post-judgment interest accrued on the amount of plaintiff's damage award. However, the amount on which post-judgment interest accrued should have been calculated to include the prejudgment interest because ORS 82.010 imposes that mandatory requirement. Specifically, ORS 82.010(2)(c) provides that "[i]nterest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment."

■ Further, in *Highway Comm. v. DeLong Corp.*, 275 Or 351, 551 P2d 102 (1976), the Supreme Court held that the plaintiff was entitled to post-judgment interest on the prejudgment interest award even though the judgment did not expressly provide that post-judgment interest accrued on the prejudgment interest. In that case, on May 23, 1969, the trial court had entered a judgment that stated, in part:

" '3.   Plaintiff shall be and hereby is granted judgment against the defendants and each of them in the amount of $1,719,864.19, bearing interest at the rate of 6% per annum on the respective portions thereof from the respective dates set forth below[.]' "

*Id.* at 353. Below paragraph three was a chart that listed each portion of the judgment and the date from which interest accrued. The surety for one defendant paid a sum of money to satisfy the judgment; however, the plaintiff contended that the judgment had not been satisfied in full because it was entitled to and defendants did not pay post-judgment interest on the prejudgment interest. Ultimately, the trial court entered an order declaring that the judgment had been satisfied in full. The plaintiff appealed, this court reversed, and the defendants sought review. Before the Supreme Court, the defendants argued that the issue was "whether the judgment of May 23, 1969, when construed in light of the provisions of ORS 82.010, directs the payment of post-judgment interest on pre-judgment interest[.]" *Id.* at 356 (internal quotation marks omitted). In response, the court reasoned:

"We think defendants' argument is a mere quibble. We think the judgment of May 23, 1969 should be considered conceptually as if the interest awarded by paragraph 3 of the judgment had been calculated to May 23, 1969 and the amount of such interest added to the principal amount of $1,719,864.19 and judgment entered for the total sum thus ascertained. Viewed in that light, it is clear that the interest was due on May 23, 1969 just as the principal sum was due as of that date and should bear interest from that date until paid.

"We attach no importance to the fact that the trial court did not calculate the prejudgment interest and add the amount thereof to the judgment, since such calculation was merely an arithmetical computation which could be done at any time by anyone interested."

*Id.* at 356-57 (footnote omitted).

Similar to the judgment in *DeLong Corp.*, the original judgment in this case adjudicated plaintiff's entitlement to damages and prejudgment interest. As in *DeLong Corp.*, even though the judgment did not expressly indicate that

post-judgment interest accrued on the prejudgment interest, that obligation existed in the original judgment. In particular, ORS 82.010(2)(c) imposes the mandatory requirement that post-judgment interest accrues on prejudgment interest. Here, in the amended judgment, the trial court made the necessary arithmetical calculation and changed the amount on which post-judgment interest accrued to include the prejudgment interest award. Because the obligation to pay post-judgment interest on the award of prejudgment interest existed in the original judgment as required by law and the amendment reflected a mere arithmetical calculation, the court's amendment caused the money judgment to speak the truth. Thus, the trial court had the authority to correct that clerical error under ORCP 71 A.

In sum, the errors in the original judgment were clerical errors and the court had authority to correct them under ORCP 71 A. ORS 19.270(5)(a) provides that the trial court retains jurisdiction to correct those errors in a judgment even if a notice of appeal has been filed from that judgment. Consequently, notwithstanding ORS 19.270(1), the trial court had jurisdiction to enter the amended judgment in this case.

■  The remaining issue is whether the amended judgment superseded the original judgment such that the 30-day appeal period began when the amended judgment was entered.[8] If it did, defendants' appeal and plaintiff's cross-appeal from the original judgment must be dismissed.

In *Mullinax and Mullinax*, 292 Or 416, 639 P2d 628 (1982), the trial court's memorandum opinion stated that a portion of each of husband's child support payments was to be applied to welfare indebtedness. The court's judgment, however, stated that the husband was to pay a particular amount of child support but did not state that a portion was

---

[8] Timely filing a notice of appeal is a jurisdictional requirement. *See* ORS 19.255(1) (providing that, generally, "a notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register"); ORS 19.270(2)(b) (providing that the "[f]iling of the original of the notice of appeal with the Court of Appeals as provided in ORS 19.240(3), within the time limits prescribed by ORS 19.255" is a jurisdictional requirement).

to be applied to welfare indebtedness. "[T]he parties, by stipulation, requested that the court enter, in the form of an amended decree, a judgment it had already rendered but which had been inaccurately incorporated in the decree first entered." *Id.* at 421. The court held that the amendment was clerical instead of an exercise of the court's judicial function and then turned to the issue of whether the amended judgment superseded the original judgment such that the appeal period began when the amended judgment was entered. In analyzing that issue, the court's focus was on the *effect* of the amendments. The court held:

> "If the amendment of a final judgment or decree for the purpose of correcting a 'clerical error' either materially alters rights or obligations determined by the prior judgment or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree."

*Id.* at 430; *see also Davis v. Act III Theatres, Inc.*, 170 Or App 524, 13 P3d 164 (2000), *rev den*, 332 Or 137 (the standard stated in *Mullinax* for determining whether the time to appeal runs from the original or amended judgment is the same standard that applies when determining whether an amended judgment supersedes the original judgment).

This court applied *Mullinax* in *State v. Christopherson*, 159 Or App 428, 978 P2d 1039, *rev den*, 329 Or 126 (1999). In that case, the trial court entered a judgment on the defendant's convictions that included a money judgment. The money judgment specified that the defendant was obligated to pay various assessments, court-appointed attorney fees, and prosecution and witness costs. The purported sum of those individual amounts was then stated as the "total money judgment." That sum, however, was incorrectly calculated. Thereafter, the trial court amended the original judgment by correcting the amount of the total money judgment and applying the posted security deposit to the defendant's obligation. The defendant filed his notice of appeal

more than 30 days after the entry of the original judgment but less than 30 days after the order amending the judgment.

In dismissing the defendant's appeal, we reasoned:

"Under *Mullinax*, an amendment to correct a clerical error does not extend the time for appeal unless its effect is (1) materially to alter rights or obligations determined by the prior judgment, or (2) to create a right of appeal, because of the nature of the amendment, where one did not exist before. In this case, defendant had a right under the judgment of convictions to appeal from them, so the second alternative is inapplicable.

"The issue then reduces to whether the order correcting the total amount of the money judgments and giving defendant credit against the correct total materially altered any obligation on his part. Defendant's obligations under the judgment could never have been greater than the sum total of the individual money judgments appearing in the April 4 judgment. The inclusion of the application of the security deposit to reduce the amount of the judgment in the April 8 order is of no legal import and is fortuitous because it merely provides a means of partial satisfaction of the judgments and does not alter their original amounts. Consequently, the trial court's April 8 order did not materially alter defendant's obligations under the April 4 judgment, and, accordingly, his time for appeal began to run from the date that the original judgment was entered. Because the filing of defendant's notice of appeal of the judgment was more than 30 days from that date, his appeal must be dismissed for lack of jurisdiction."

*Christopherson*, 159 Or App at 432-33.

Even though *Christopherson* involved a criminal judgment, it reflected the following general principle: Where the trial court has adjudicated a party's obligation in one section of the judgment but a computational error results in the judgment erroneously reflecting the total amount of the party's obligation, an amended judgment that corrects that clerical error does not materially alter the party's obligations and the party must timely appeal from the original judgment. We perceive no impediment to the application of that principle in the context of a civil judgment such as the one in this case.

Further, as the court reasoned in *DeLong Corp.*, the defendants were obligated to pay post-judgment interest on the prejudgment interest award even though the judgment did not expressly so provide. In that case, the court reasoned that it would attach no importance to the trial court's failure to calculate the amount of prejudgment interest and add that amount to the judgment, because "such calculation was merely an arithmetical computation which could be done at any time by anyone interested." *DeLong Corp.*, 275 Or at 357.

Here, as we have already explained, the original judgment adjudicated Ramis Crew's entitlement to damages and prejudgment interest and included, as required by law, an entitlement to post-judgment interest on the sum of the damages and the prejudgment interest award. As in *Christopherson* and *DeLong Corp.*, the errors in the total amount of defendant's obligation in the original money judgment resulted from computational errors. Accordingly, under the reasoning in those cases, the amendments did not create a right to appeal or materially alter the parties' rights and obligations. Therefore, defendants' appeal from the original judgment was timely filed as was Ramis Crew's cross-appeal from that judgment. Accordingly, we allow those appeals to proceed.

The only remaining issue is the disposition of plaintiffs' appeal from the amended judgment. Under the circumstances of this case, the necessary import of our reasoning is that, because the amended judgment corrected clerical errors that did not materially alter the parties' rights and obligations or create a right to appeal, any errors that a party wants to raise about the amended judgment can be raised on appeal or cross-appeal from the original judgment. Moreover, as plaintiffs indicated to us in their response to our motion to show cause, their appeal from the amended judgment was precautionary. Plaintiffs stated:

"Out of an abundance of caution, plaintiffs cross-appealed from the original judgment and—precisely because defendants chose not to file an appeal from the modified judgment—plaintiffs had to *appeal* from the modified judgment[.]"

(Emphasis in original; record citations omitted.) Accordingly, there will be no need for us to consider plaintiffs' appeal from the amended judgment, and we dismiss it.

Defendants' appeal and plaintiff Ramis Crew Corrigan & Bachrach's cross-appeal from original judgment allowed to proceed; plaintiffs' appeal from amended judgment dismissed.