No. 459 July 3, 2024 555

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Michael E. FITZGERALD,
*Receiver-Appellant,*
*and*

MYTIE LLC,
a California limited liability company,
and PHIL NIES,
*Plaintiffs-Counter Defendants-Respondents,*

*v.*

ROGUE AGRISOURCE LLC,
an Oregon limited liability company,
*Defendant-Cross Defendant-Respondent,*

*and*

TH SERVICES,
an Oregon limited liability company,
*Defendant-Cross Claimant/Counter Claimant-Respondent.*

Jackson County Circuit Court
20CV18978; A181356

Benjamin M. Bloom, Judge.

Argued and submitted June 3, 2024.

Ruth A. Casby argued the cause for appellant. Also on the briefs were Janet M. Schroer and Hart Wagner LLP.

Christian E. Hearn argued the cause for respondents Mytie LLC and Phil Nies. Also on the brief was Davis Hearn Anderson & Selvig, PC.

No appearance for respondents Rogue Agrisource LLC and TH Services.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Appellant Fitzgerald was appointed as the receiver in a receivership proceeding brought by plaintiffs. The trial court dismissed the receivership proceeding after the parties stipulated that they no longer wished to pursue the matter. Fitzgerald filed a motion seeking relief from the dismissal under ORCP 71 A and ORCP 71 B(1)(a), and he appeals a judgment of the trial court denying his motion. Fitzgerald contends that the trial court committed a "clerical mistake," as described in ORCP 71 A, in dismissing the receivership proceeding without first formally terminating the receivership under the Oregon Receivership Code (ORC), ORS 37.010 to ORS 37.410, and ORCP 80 G. He further contends that the mistake provides a basis for relief under ORCP 71 B(1)(a), as a "mistake, inadvertence, surprise or excusable neglect." Fitzgerald seeks reinstatement of the proceeding so that the receivership can be properly terminated and he can be paid compensation and reimbursement for his costs.

We note as a preliminary matter that relief under ORCP 71 is available to "parties,"[1] and that it is not clear that Fitzgerald, who was not a party to the receivership proceeding, is a person who may seek relief from the judgment under ORCP 71.[2] We conclude, however, that we need not resolve that issue to resolve the appeal. That is because we conclude that the trial court did not abuse its discretion in rejecting Fitzgerald's motion for relief from the judgment; we therefore affirm.

The background facts are undisputed. In 2019, Rogue Agrisource, LLC (the Company) started as a business in Medford, Oregon, growing, harvesting, and selling hemp products. Plaintiffs Mytie LLC and Phil Nies, members of the Company, loaned the Company $1 million, taking a security interest in the Company's primary asset—the hemp harvest. Steven Day, also a Company member, managed the

---

[1] ORCP 71 B(1) provides that, "On motion and upon such terms as are just, the court may relieve *a party* or such party's legal representative from a judgment." (Emphasis added.)

[2] ORS 37.030(15) defines a receiver as "a person appointed by the court as the court's agent, and subject to the court's direction, to take possession of, manage or dispose of property."

Company business. Day also owned a separate company, TH Services, LLC, which leased space to the Company and provided other services.

The Company's 2020 hemp harvest fell short and was insufficient to meet the Company's financial obligations, and the Company became insolvent. The Company's only remaining asset was approximately 65,000 pounds of hemp flower, which was stored in a warehouse leased by TH Services, LLC, to which Day had sole access. Plaintiffs, the Company's primary creditors, became distrustful of Day's management.

TH Services, LLC, filed a complaint in the Jackson County Circuit Court, asserting a first priority possessory lien over the hemp, arising from the Company's unpaid rent at the warehouse, plant sales, and processing and transport of the hemp biomass.

Plaintiffs initiated this separate proceeding, naming the Company as defendant and seeking the appointment of a receiver to liquidate the assets of the Company. A receivership is "the process by which a court appoints a person to take charge of property during the pendency of an action or upon a judgment or order entered therein and to manage or dispose of the property as the court may direct." ORS 37.020. Under the ORC, the court may appoint a receiver on the motion of any party or on the court's own motion, if the property "is attached by a creditor," and "is of a perishable nature or is otherwise in danger of waste, impairment or destruction[.]" ORS 37.060(1)(e). Plaintiffs alleged that the remaining hemp was deteriorating in value, and that the members and creditors were "in dispute over the division of proceeds from sale of the hemp and over the validity, amount, and priority of certain liens." Plaintiffs requested the appointment of a receiver to "take possession and control of [the Company's] assets, liquidate such assets, and distribute the proceeds to [the Company's] creditors."

The court granted plaintiffs' motion for the appointment of a receiver, appointing Fitzgerald as receiver to supervise the liquidation of the Company's assets. The court's order appointing Fitzgerald, proposed by plaintiffs,

provided that the receiver "shall be compensated at the rate of $250 per hour, plus out of pocket expenses, plus such other amounts as allowed by the court;" and that all members of the Company "shall, consistent with ORS 37.150, assist and cooperate fully with the receiver in the administration of the estate and the discharge of receiver's duties[.]" The order stated that, pending the receivership, the action by TH Services, LLC, against the Company would be stayed pursuant to ORS 37.220(1)(a). TH Services, LLC, intervened as a defendant in the receivership proceeding and voluntarily dismissed its separate Jackson County Circuit Court action.

Fitzgerald filed periodic reports of receivership activities with the court in accordance with the ORC, including statements of his fees and expenses. Fitzgerald advanced personal funds in an attempt to secure and market the hemp. Fitzgerald sent the hemp to a processor in Colorado who, Fitzgerald asserts, "effectively stole[]" the hemp.

The Company itself, which was a named defendant, never appeared in the receivership proceeding. In 2021, without notice to Fitzgerald or TH Services, LLC, the court entered a 28-day notice of dismissal and a limited judgment dismissing the Company. The court subsequently set aside that judgment on plaintiffs' motion under ORCP 71, and the matter was reinstated.

In a report of November 2021, Fitzgerald itemized and sought reimbursement for receivership fees and expenses, including compensation, attorney fees and costs, consultant fees, and out-of-pocket expenses.

The matter was set for trial on January 11, 2022, but by stipulation of the parties—plaintiffs and TH Services, LLC—the trial was cancelled, because defendants—the Company and TH Services, LLC—were insolvent. Because the trial was cancelled rather than postponed, the court, on its own motion, sent a notice to the parties on January 25, 2022, that it intended to dismiss the action pursuant to ORCP 54 B(3) (dismissal for want of prosecution). The parties did not object, because the Company had no assets to be preserved by the receivership. The court entered a general

judgment of dismissal on February 25, 2022, which, in practical effect, terminated the receivership.

The court did not send Fitzgerald or his attorney notice of the intended dismissal or the judgment. It was not until July 2022, that Fitzgerald learned of the dismissal of the proceeding. After learning of the dismissal, Fitzgerald's attorney attempted to negotiate with plaintiffs for payment of Fitzgerald's outstanding fees and expenses, and sent a demand for $176,970.31, which plaintiffs ignored.

In December 2022, Fitzgerald filed a motion to set aside the February 2022 judgment of dismissal, asserting that it had been entered either as the result of a "clerical mistake," ORCP 71 A, or as the result of "mistake, inadvertence, surprise, or excusable neglect." ORCP 71 B(1). Fitzgerald also contended that the judgment of dismissal was in violation of Oregon law, which requires that termination of a receivership be carried out pursuant to ORS 137.410 and ORCP 80.

Plaintiffs responded that Fitzgerald is not a party to the receivership and that it is unclear that he even has standing to seek relief from the judgment. Plaintiffs further contended that there is no basis for continuing the litigation, as the collateral for their loan to the Company no longer exists, and they have not personally guaranteed payment of Fitzgerald's fees. Plaintiffs further argued that Fitzgerald's motion to set aside the judgment was untimely, Fitzgerald having received notice of the judgment in July 2022 and not sought relief until December 2022. The trial court agreed with plaintiffs that the motion was untimely and denied it for that reason.

On appeal, in a single assignment, Fitzgerald asserts:

> "The trial court erred in denying Receiver's motion to set aside the judgment of dismissal that was incorrectly entered by administrative action without a court order wrapping up and terminating the receivership."

Fitzgerald's primary argument is that, under the ORC, a receivership may be terminated only pursuant to ORS

37.410(5) and ORCP 80 G.[3] He contends that the February 2022 judgment of dismissal, entered without notice to him, was legal error, constituting a "clerical mistake" under ORCP 71 A, or a basis for relief as "mistake, inadvertence, surprise or excusable neglect" under ORCP 71 B(1). In light of that error, and the prejudice to Fitzgerald as a result of not being compensated for his expenses and fees, Fitzgerald asserts that the failure to grant his motion to set aside the judgment was an abuse of discretion.

We first address and reject Fitzgerald's contention that he has established a "clerical mistake" by the trial court in dismissing the receivership proceeding. ORCP 71 A provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders."

The rule gives the court authority to "correct" its "clerical mistakes." We have previously addressed the meaning of a "clerical mistake," for purposes of ORCP 71 A. *See Yarbrough v. Viewcrest Investments, LLC*, 299 Or App 143, 158, 449 P3d 902, *rev den*, 364 Or 535 (2019) (A clerical error is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.); *Ramis Crew Corrigan v. Stoelk*, 193 Or App 700, 707, 92 P3d 154 (2004) (A clerical mistake is a mistake or omission that is not a "'deliberate result of

---

[3] ORS 37.410(5) provides:

"Upon motion of any interested person, or upon the court's own motion, the court may discharge the receiver and terminate the court's administration of the property over which the receiver was appointed."

ORCP 80 G provides:

"A receivership may be terminated only upon motion served with at least 10 days' notice upon all parties who have appeared in the proceeding. The court may require that a final account and report be filed and served, and may provide for the filing of written objections to such account within a specified time. At the hearing on the motion to terminate, the court shall hear all objections to the final account and shall take such evidence as is appropriate, and shall make such orders as are just concerning the termination of the receivership, including all necessary orders on the fees and costs of the receivership."

judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.'" (Quoting *Hopkins and Hopkins*, 102 Or App 655, 658-59, 796 P2d 660 (1990), *rev den*, 311 Or 87 (1991)). We have said that a "clerical mistake" that is subject to correction under ORCP 71 A is not an error that involves the exercise of legal reasoning; rather, it "is the kind of mistake in a judgment that causes the judgment, through oversight or omission, not to reflect what occurred in the proceeding that led to the judgment." *McClure v. Lebenbaum*, 181 Or App 268, 274, 45 P3d 1038 (2002).

Here, it may be that the trial court should have formally terminated the receivership before dismissing the proceeding and that its failure to do so was legal error. But the trial court's dismissal of the proceeding under ORCP 54 B(3) for want of prosecution, based on the parties' stipulation not to pursue it, was not the type of error that constitutes a "clerical mistake,"—an oversight or omission—as we have construed that term in our case law. We conclude that ORCP 71 A provides no authority for a "correction" by the trial court in the form of a reinstatement of the proceeding.

We further conclude that Fitzgerald has not established a basis for relief under ORCP 71 B(1)(a). That subsection gives discretion to the trial court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." The rule provides that "[t]he motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment."

The trial court determined that Fitzgerald's request for relief, filed five months after learning of the dismissal, was untimely. We review that ruling for an abuse of discretion, *Lovejoy Specialty Hospital v. Advocates for Life*, 121 Or App 160, 169, 855 P2d 159, *rev den*, 318 Or 97 (1993) (reviewing trial court ruling on untimeliness under ORCP 71 B for abuse of discretion), liberally construing ORCP 71 B(1)(a) so as to avoid depriving a party of their day in court, *Wagar v. Prudential Ins. Co.*, 276 Or 827, 833, 556 P2d 658 (1976), and viewing the facts in the light most favorable to Fitzgerald. *See Terlyuk v. Krasnogorov*, 237 Or App 546, 553,

240 P3d 740 (2010), *rev den*, 349 Or 603 (2011) (construing "excusable neglect" as a basis for relief from a default judgment under ORCP 71 B(1)(a)).

As noted, Fitzgerald learned of the trial court's dismissal in July 2022 and sought relief from the judgment in December 2022. In addition to that duration of five months, the facts that bear on the trial court's ruling and the exercise of its discretion in determining whether Fitzgerald sought relief within a "reasonable time" are Fitzgerald's reasons for the delay in seeking relief. Fitzgerald's only explanation for the delay is that, after learning of the dismissal in July 2022, he reasonably attempted to recover his fees and expenses from plaintiffs outside of litigation, and that "five months is not an unreasonable amount of time to attempt to resolve a dispute before seeking relief from the court." He notes that ORCP 71 B(1)(a) itself sets one year from notice as the outside limit for seeking relief and that he was well within that period.

Viewing the facts in the light most favorable to Fitzgerald, we agree that it was reasonable for him to pursue his claims for compensation and reimbursement extra-judicially. But apart from that excuse and his own view of what constitutes a reasonable time for seeking relief from a judgment, Fitzgerald gave no explanation. For example, he did not explain to the trial court why he could not have sought judicial relief simultaneously with attempting to negotiate with plaintiffs, or why, having received no response from plaintiffs, he could not have more expeditiously sought judicial relief. *See Lovejoy Specialty Hospital*, 121 Or App at 169 (affirming denial of relief under ORCP 71 B(1)(a) where delay of 10 months was due to filing an appeal without simultaneously seeking relief in the trial court).

In reviewing for an abuse of discretion the trial court's ruling dismissing Fitzgerald's motion as untimely, our role is not to second guess the trial court's reasoning or its conclusion; our role is simply to assess whether the trial court's ruling was among the legally permissible alternatives. *See State v. Boauod*, 302 Or App 67, 73, 459 P3d 903 (2020) (In evaluating a trial court's discretionary ruling, "our role is to assess whether the court's decision falls

within the range of legally permissible choices"). Without deciding any questions bearing on Fitzgerald's standing to seek relief, we conclude that, absent an explanation from Fitzgerald for why relief from the judgment could not have been requested sooner, it was within the range of legally permissible outcomes for the court to conclude that the request for relief was not filed within a reasonable time. We therefore conclude that the trial court did not abuse its discretion in denying Fitzgerald's request for relief.

Affirmed.